# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

STEVEN SZEKELY,   *

Plaintiff          *

v                  *     Civil Action No. ELH-17-3610

D.P.S.C.S., *et al.*,   *

Defendants         *

\*\*\*

# **MEMORANDUM**

On December 5, 2017, Plaintiff filed the above-captioned civil rights Complaint. ECF 1. On January 31, 2018, the court received five motions from Plaintiff. ECF 7, 8, 9, 10, 11. For the reasons that follow, the Court will grant Plaintiff's first Motion to Amend, ECF 7; deny, without prejudice, Plaintiff's Motion to Appoint Counsel, ECF 11; and deny Plaintiff's remaining motions, *i.e.*, ECF 8, 9, 10.

## I. Motions to Amend

In his first motion to amend, Plaintiff seeks to add "WCI/NCBI" and Warden "R. Graham" as Defendants. ECF 7. Federal Rule of Civil Procedure 15(a)(1) provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id*. Although the time frame under Rule 15(a)(1)(A) has expired, and the time frame under Rule 15(a)(1)(B) has not yet been triggered, the court concludes that amendment would neither prejudice the Defendants nor cause a significant delay

in the proceedings.

Plaintiff also filed a second motion to amend in which he asserts that he timely requested that prison officials forward funds from his inmate account to satisfy this court's Order to pay the $50 administrative fee by January 4, 2018. *See* ECF 2 at 1. But, he claims that prison officials failed to promptly act on his request. ECF 10. As with Plaintiff's first Motion to Amend, this Motion was not filed within the time frame provided under Rule 15. Unlike the first Motion, however, Plaintiff's second Motion to Amend does not appear to relate to the underlying Complaint. Rather, this Motion appears directed at ensuring that the court does not dismiss his case for failure to timely pay the filing fee. *See* ECF 2 at 1 (informing Plaintiff that failure to pay the filing fee by January 4, 2018 "may result in dismissal of the Complaint without further notice and without prejudice").

The court acknowledges Plaintiff's concerns. However, the court has received the filing fee and notes that the case is proceeding. Accordingly, the court will deny the second motion to amend.

## II. Motions for Injunctive Relief

Plaintiff has filed a self-styled "Motion for Reparative Injunction," in which he requests that this court "return petitioner to [Roxbury Correctional Institution], and restore the plaintiff's property lost, job, classification, housing assignment and back pay and days to October 31st of 2017. And to allow this petition to continue on its merits without further unfair interference from DPSCS/RCI." ECF 8.[1] In another filing titled "Motion of ex pate [sic] injunction,"

---

[1] The Court construes "back pay" as referring to the wages Plaintiff would have earned between his alleged termination from his prison job on October 31, 2017, and the present, had Plaintiff remained employed. The Court construes "days" as referring to the days of good time credit that Plaintiff would have accrued between October 31, 2017 and the present.

Plaintiff asks this court to order that DPSCS stop "transfer[r]ing Petitioner from prison to prison. For no other reason but because he dared to work on, since May of 2017 and file on 12-13-2017, The [sic] above petition." ECF 9.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013). Each of these factors must be separately considered and satisfied. *Pashby*, 709 F.3d at 320. A preliminary injunction is distinguished from a temporary restraining order ("TRO") only by the difference in notice to the nonmoving party and by the duration of the injunction. *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006) (comparing Fed. R. Civ. P. 65(a) with Fed. R. Civ. P. 65(b)). A preliminary injunction cannot issue without notice to the nonmovant. *See* Fed. R. Civ. P. 65(a)(1).

Because the Defendants were not provided with advance notice of Plaintiff's requests, Plaintiff's motions shall be construed as requesting a TRO. At the outset, the Court notes that Plaintiff's TRO motions are unrelated to the subject of his Complaint, and thus have no connection to the likelihood of success on the merits. In any event, even assuming that the Complaint and the TRO motions are intertwined, most of Plaintiff's requests in the TRO motions fall beyond the scope of constitutional rights.

For example, there is no constitutional right for an inmate to be housed in a particular institution, at a particular custody or classification level, or in a particular section or unit of a

correctional institution. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the due process clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (no constitutional right to a "particular security or custody status"); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (concluding that protected liberty interests are generally limited to freedom from restraint that imposes atypical and significant hardship on inmate in relation to "ordinary incidents" of prison life).

Likewise, "[p]risoners . . . do not have a constitutionally protected right to work while incarcerated, or to remain in a particular job once assigned." *Pinkett v. Crowder*, ELH-13-2509, 2014 WL 3571802, at *13 (D. Md. July 18, 2014) (citing *Altizer v. Paderick*, 569 F.2d 812, 815 (4th Cir. 1978); *Awalt v. Whalen*, 809 F.Supp. 414, 416–17 (E.D. Va. 1992)). And, unless a prisoner identifies a statutory entitlement to good time or diminution credit (which Plaintiff fails to do here), he does not have a right to accrue good time credit prospectively. *Blankumsee v. Galley*, PWG-15-837, 2016 WL 270073, at *7 (D. Md. Jan. 21, 2016) ("Inmates generally have no liberty interest in . . . earning diminution credits"). Accordingly, even if Plaintiff could make a showing of the TRO requirements, it is not within this court's authority to order the restoration of his "job, classification, housing assignment and back pay and days to October 31st of 2017," ECF 8, or to issue a court order directing or prohibiting his transfer to another institution, ECF 9.

As to the TRO motions' remaining issues—restoration of Plaintiff's "property lost" and a request that this action proceed "without further unfair interference from DPSCS/RCI"—Plaintiff provides no details to suggest that he can satisfy the *Winter* preliminary injunction factors. Of particular note, there is no suggestion of irreparable harm. Accordingly, the court shall deny Plaintiff's motions requesting preliminary injunctive relief. ECF 8, 9.

4

## III. Motion to Appoint Counsel

Finally, Plaintiff moves for the appointment of counsel. ECF 11. A federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The case is not unduly complicated, Plaintiff appears able to articulate his claims without notable difficulty, and, at present, it is not clear that a hearing or discovery will be necessary to the disposition of this case. Thus, having found no exceptional circumstances warranting appointment of counsel, the motion will be denied, without prejudice. Plaintiff's request may be reconsidered if warranted by further developments in this case.

An Order follows.

Date: February 8, 2018             /s/
                          Ellen L. Hollander
                          United States District Judge